**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 23-14-DLB**

**GARY KEIM,**                                                           **PLAINTIFF**

**v.**           **MEMORANDUM OPINION AND ORDER**

**CONNIE DAY, et al.,**                                          **DEFENDANTS**

*** *** *** ***

      Plaintiff Gary Keim is a prisoner currently confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Proceeding without an attorney, Keim has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants Connie Day and Dannel Brown. (Doc. #1). By prior Order, the Court granted Keim's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. #6). Thus, the Court must conduct a preliminary review of Keim's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

      On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Keim's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Keim's complaint alleges that he has been disabled since 2006 and was in a wheelchair when he was confined at Green River Correctional Complex ("GRCC"). However, he states that after he was transferred to Southeast State Correctional Complex ("SSCC"), Day (the Medical Director at SSCC) and Brown (a nurse practitioner at SSCC) denied him access to a wheelchair and took his cane, causing him pain and suffering and leaving him without a way to access the "chowhall" and handicapped showers and toilets. (Doc. #1).[1]  He further alleges that Brown would not provide Keim a pass required to wear sweatpants in the yard, which Brown claims that he needed.

Based upon these allegations, Keim sues Day and Brown in their respective individual capacities for deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment.  He also claims that Day and Brown violated his Fourteenth Amendment Due Process rights by blocking his access to the courts by throwing away grievances and/or not responding to grievances.  (Doc. #1 at p. 15).  As relief, he seeks monetary damages and an injunction directing Defendants to comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

After reviewing the complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court concludes that Keim's Fourteenth Amendment claims based upon Defendants' responses to his grievances must be dismissed for failure to state a claim for which relief may be granted, as prison officials are not liable under § 1983 for denying or failing to act on grievances.  *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008).  *See also Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004) (citing *Shehee v. Luttrell,* 199 F.3d

---

[1] In his complaint, Keim alleges that both Day and Brown are employed by Wellpath, a private entity providing medical care to inmates pursuant to a contract with the Commonwealth of Kentucky.  (Doc. #1 at p. 2).

295, 300 (6th Cir.1999)).  Nor does Keim's complaint adequately allege a claim of interference with his access to the courts, which is a First Amendment claim (not a Fourteenth Amendment claim).  To state a claim for denial of access to the courts, a plaintiff must show actual injury to a nonfrivolous legal claim.  *Lewis v. Casey*, 518 U.S. 343, 353–355 (1996).  "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).  *See also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim.").

Here, Keim does not describe any particular legal claim that he was hindered or prevented from asserting because of either Day or Brown's responses (or non-responses) to his grievances, thus he fails to adequately allege an access-to-courts claim.  *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (adequate pleading of access-to-courts claim requires allegation of actual injury to specific claim, allegation of the facts and the law in the underlying claim, and demonstration that underlying claim was non-frivolous) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)); *Clark v. Johnston*, 413 F. App'x 804, 812 (6th Cir. 2011).

However, the Court will allow Keim's Eighth Amendment claims based upon his allegations that Brown and Day were each deliberately indifferent to his serious medical needs to proceed.  Because Keim is proceeding *in forma pauperis*, the United States

3

Marshals Service ("USMS") will serve Day and Brown with a summons and copy of the complaint on his behalf.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, it is hereby **ORDERED** as follows:

1. Keim's First Amendment denial of access to the court claims and Fourteenth Amendment Due Process claims as alleged in his complaint (Doc. #1) are **DISMISSED**;

2. Keim's Eighth Amendment claims against Defendants Connie Day and Dannel Brown **REMAIN PENDING**;

3. The Deputy Clerk shall prepare two (2) "Service Packets" for service upon Connie Day and Dannel Brown.  Each Service Packet shall include:

    a. a completed summons form;

    b. the Complaint (Doc. #1);

    c. the Order granting Plaintiff in forma pauperis status (Doc. #6);

    d. this Order; and

    e. a completed USM Form 285.

4. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

5. The United States Marshals Service shall make arrangements with the appropriate officials at the Southeast State Correctional Complex to personally serve Defendants Connie Day and Dannel Brown at the following address:

Southeast State Correctional Complex
327 Correctional Road
Wheelwright, KY 41669

6. Keim must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**; and

7. If Keim wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Keim files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 27th day of September, 2023.

Signed By:
*David L. Bunning* DB
United States District Judge