**DeUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 23-14-DLB-EBA**

**GARY KEIM**                                                                      **PLAINTIFF**

**v.**                                          **ORDER**

**CONNIE DAY, et al.**                                                        **DEFENDANTS**

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Amended Report and Recommendation and Supplemental Report and Recommendation of United States Magistrate Judge Edward B. Atkins  (Doc. # 77 and 81), wherein he recommends that the Defendants Connie Day and Dannel Brown's Motion to Dismiss (Doc. # 70) be granted and that all claims against them, in both their official (Doc. # 77) as well as individual capacities (Doc. # 81), be dismissed.

**I.**

In seeking dismissal of the claims against them, Defendants Day and Brown argued that based upon the release of claims pursuant to the plan confirmed by the United States Bankruptcy Court for the Southern District of Texas, Houston, Texas,  Plaintiff is enjoined from pursuing his claims against them because he elected not to opt out of the Plan's Third-Party Release. (Doc. # 70).

In the Amended Report and Recommendation (Doc. #77), Magistrate Judge Atkins found there to be no official record that Plaintiff opting out of the Third-Party Release in Wellpath, LLC's Chapter 11 plan of Reorganization, and, as such, claims against Day and

1

Brown in their official capacity should be dismissed. *Id.* In doing so, he took judicial notice of the Bankruptcy Court's docket which lacked any record of a Third-Part Release by Plaintiff. *Id.* at p. 3. He further addressed Plaintiff's argument that a factual dispute existed as to whether he opted-out, that the summary judgment standard should be applied to Defendants' motion, thereby providing a basis upon which to deny the motion. *Id.* at p. 4. Magistrate Judge found that such an argument was properly made in the Bankruptcy Court. *Id.* Specifically, he concluded that "this forum is improper for raising such a challenge, as '[d]ischargeability is a legal conclusion within the exclusive jurisdiction of the bankruptcy courts.'" *Id.* citing *In re Piercy*, 21 F.4th 909, 918 (6th Cir. 2021).

Defendants Brown and Day filed an Objection (Doc. # 80), seeking clarification and asking the Court to also dismiss the claims against them in their individual capacities. (Doc. # 80). Notably, Plaintiff did not file an Objection.

Magistrate Judge Atkins then entered a Supplemental Report and Recommendation (Doc. # 81), wherein he noted the Defendants' objection and further recommended that that the claims against them in their individual capacities be dismissed. He did not revisit his finding that Plaintiff did not opt-out of Third-Part Release or the standard of review applicable to Defendants' motion to dismiss. *Id.* Plaintiff filed an Objection to the Supplemental R&R, arguing that the Magistrate Judge should have applied the summary judgment standard and deny Defendants' motion. (Doc. # 83).

**II.**

It is well established that in order to trigger *de novo* review by this Court, an objection to an R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer*

2

*71-A District Court Clerk*, 2 F.App'x 481, 482–83 (6th Cir. 2001). "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F.Supp.2d 934, 938 (E.D. Mich, 2004)).

**III.**

Here, Plaintiff did not file an Objection to the initial R&R.  By failing to do so, he has waived his right to raise an objection now. Even if his objection is considered, it is without merit.  Plaintiff disagrees with the Magistrate Judge's findings but offers no new evidence or argument. He provides no authority which calls into question the finding that he failed to opt-out or that the summary judgment standard should apply.  His objection is in form only.

Accordingly, the Court having reviewed the recommendations and finding them sound in all respects, **IT IS ORDERED** as follows:

(1)    The Magistrate Judge's Amended Report and Recommendation and Supplemental Report and Recommendation (Doc. # 77 and 81), are hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)    Defendants' Objection (Doc. # 80) is **OVERRULED** as moot;

(3)    Plaintiff's Objection (Doc. # 83) is **OVERRULED**; and

(3)    Defendants Connie Day and Dannel Brown's Motion to Dismiss (Doc. # 70) is **GRANTED.**

A separate Judgment will be entered contemporaneously herewith.

This 11th day of May, 2026.



**Signed By:**

**David L. Bunning**

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2023\23-14 Order Adopting R&R DE 70.docx