**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-14-DLB-EBA**

**GARY KEIM** **PLAINTIFF**

**v.** **ORDER ADOPTING REPORT AND RECOMMENDATION**

**KENTUCKY DEPARTMENT OF CORRECTIONS** **DEFENDANT**

*** *** *** *** *** ***

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Edward B. Atkins (Doc. # 97), wherein he recommends that the Court grant Defendant Kentucky Department of Corrections' ("KDOC") Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 94). Plaintiff filed objections to the R&R (Doc. # 98), Defendant filed a Response (Doc. # 99), and this matter is ripe for the Court's review. For the following reasons, Plaintiff's Objections (Doc. # 98) are **overruled**, the R&R (Doc. # 97) is **adopted** as the findings of fact and conclusions of law of the Court, and Defendant KDOC's Motion to Dismiss (Doc. # 94) is **granted**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As Judge Atkins observed in his R&R, "[t]he procedural history of this case is, to put it mildly, convoluted." (Doc. # 97 at 1). Proceeding *pro se*, Keim filed his original complaint on February 7, 2023 (the "Original Complaint"). (Doc. # 1). In the Original Complaint, Keim alleged that he was an inmate at the Southeastern State Correctional Complex ("SSCC") from December 8, 2020 to March 16, 2022. (*Id.* at 4, 12). He claimed

that, during this period, Connie Day, the Medical Director at SSCC, and Dannel Brown, a nurse practitioner at SSCC, denied him access to a wheelchair and took away his cane. (*Id.* at 5). According to Keim, Brown and Day did this despite their knowledge that Keim had a disability which limited his mobility. (*Id.*). So, Keim brought claims under 42 U.S.C. § 1983 against Brown and Day in their individual capacities, alleging violations of his rights under the Eighth and Fourteenth Amendments. (*Id.*). After the Court screened this complaint pursuant to 28 U.S.C. § 1915A, only Keim's Eighth Amendment claims remained. (Doc. # 14). Keim attempted to file an amended complaint on December 18, 2023. (Doc. # 19). However, the Court denied his Motion to Amend because the proposed amended complaint "was not filed on the complaint form approved for use by this Court, which is required." (Doc. # 24 at 2-3).

Keim filed the operative complaint on October 3, 2024 (the "Amended Complaint"). (Doc. # 41). The Amended Complaint added the KDOC as a Defendant alongside Day and Brown—who Keim sued in their individual and official capacities. (*Id.* at 2). With respect to the KDOC, the Amended Complaint brought several claims under 42 U.S.C. § 1983, the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act ("ADA"). (Doc. # 41 at 12). In his Amended Complaint, Keim alleged that the Brown, Day, and the KDOC were aware of his disability during his time at SSCC. (*Id.* at 10). Nonetheless, Keim continued, the KDOC denied him access to necessary mobility aids and refused to promptly transfer him to an ADA-compliant prison. (*Id.* at 12). Keim alleged that this conduct violated the Eighth Amendment's prohibition of cruel and unusual punishment. (*Id.*). And because the law library at SSCC is on the second floor, Keim also claimed that the KDOC had deprived him of "access to the court" in violation

of the Fourteenth Amendment. (*Id.*). Finally, Keim alleged that the KDOC had discriminated against him in violation of the Fourteenth Amendment, the ADA, and the Rehabilitation Act. (*Id.*).

Shortly after Keim filed the Amended Complaint, Brown and Day's employer, Wellpath, LLC, filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. (Doc. # 46). As a result, this matter was stayed pending the lifting of the stay issued by the bankruptcy court. (Doc. # 47). The bankruptcy court lifted its stay on May 8, 2025. (Doc. # 58). On July 21, 2025, Keim moved the Court to screen his Amended Complaint. (Doc. # 60). After a series of orders, only Keim's ADA claim against the KDOC was allowed to proceed. (*See* Docs. # 77, 81, 82, 87, and 88).

On June 16, 2026, the KDOC moved to dismiss Keim's ADA claim, arguing that it is time barred and does not relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1). (Doc. # 94). Keim filed a Response in Opposition (Doc. # 96), and the Motion was submitted to Judge Atkins for a recommendation.

## II. REPORT AND RECOMMENDATION

In his R&R, Judge Atkins noted that the lone remaining claim in this action is Keim's ADA claim against the KDOC. (Doc. # 97 at 2). The KDOC, however, argued that this claim is time-barred and, consequently, subject to dismissal under Rule 12(b)(6). (*Id.* at 3). Judge Atkins agreed and recommended that the Court dismiss Keim's claim. (*Id.* at 7).

First, Judge Atkins observed that because the ADA does not provide a specific statute of limitations period, "courts must borrow 'the most analogous state limitations period.'" (*Id.* at 3 (quoting *McCormick v. Miami Univ.*, 693 F.3d 654, 662-63 (6th Cir.

2012)). He determined that Kentucky's personal injury statute—KRS § 413.140(1)(A)—offers the state limitations period most analogous to the ADA. (*Id.* at 3-4 (citations omitted)). KRS § 413.140(1)(A) mandates that a personal injury lawsuit "shall be commenced within one (1) year after the cause of action accrued." Although Kentucky law provides the appropriate statute of limitations, the date on which a plaintiff's claims accrued is governed by federal law. (*Id.* at 4 (citing *Hall v. Knott Cnty. Det. Ctr.*, 941 F.2d 402, 408 (6th Cir. 1991))). Judge Atkins observed that under federal law, the statute of limitations begins to run on the date a plaintiff knows or has reason to know of the injury underlying his claim. (*Id.* (citing *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016) (citation and internal quotation marks omitted))).

Next, Judge Atkins turned to the facts of Keim's case. Keim alleges that his rights under the ADA were violated during his incarceration at SSCC between December 8, 2020 and March 16, 2022. (*Id.* (citing Docs. # 1 and 41)). Accordingly, Judge Atkins reasoned that Keim "knew or had reason to know of the basis of this action no later than March 16, 2022, and his one-year statute of limitations began to run on that date." (*Id.*). Keim filed his original complaint on February 7, 2023, which is within the one-year statute of limitations. (*Id.* (citing Doc. # 1)). Judge Atkins noted, however, that Keim first asserted claims against the KDOC in the Amended Complaint, which he moved to file on August 14, 2024. (*Id.* (citing Doc. # 31)). Because Keim's Motion (Doc. # 31) was granted (*see* Doc. # 41), the Amended Complaint is deemed to have been filed on that date. (*Id.* (citing *Shillman v. United States*, 221 F.3d 1336, 2000 WL 923761, at *6 (6th Cir. June 29, 2000) (unpublished table decision) (citation omitted))). Even so, Judge Atkins observed that

"Keim's ADA claim is [] plainly time barred" and should be dismissed "unless his amended complaint relates back to his initial complaint under Rule 15(c)." (*Id.*).

Second, Judge Atkins determined that Keim's ADA claim against the KDOC did not relate back to his Original Complaint under Rule 15(c). (*Id.* at 5). Under Rule 15(c)(1)(C),

> an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," and if, within 120 days after the complaint is filed, "the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

*Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 615 (6th Cir. 2014) (first citing Fed. R. Civ. P. 15(c) and then citing Fed. R. Civ. P. 4(m)). However, Judge Atkins noted that "claims against new or additional parties do not relate back under Rule 15(c)(1)(C) for statute of limitations purposes." (Doc. # 97 at 5 (citing *id.* at 615 (collecting cases))). Keim's Original Complaint named only Brown and Day as defendants. (*Id.* at 6). Although individuals can sometimes stand in the shoes of the entity they represent, that is only the case where they are sued in their official capacity. (*Id.* at 5-6 (citing *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citation omitted))). Crucially, Judge Atkins stated, the original complaint sued Brown and Day "*solely* in their individual capacities." (*Id.* (emphasis in original)). Thus, the Original Complaint did not include a claim against Brown and Day's employer—Wellpath. (*Id.* at 6). Because Keim's Original Complaint did not include a claim against Wellpath, Judge Atkins continued, "his amended complaint did indeed add a new party when it asserted new allegations against Brown, Day, and the KDOC in their official capacities." (*Id.*). As a result, Judge Atkins

concluded that Keim's ADA claim against the KDOC could not relate back to the Original Complaint. (*Id.*). Moreover, Judge Atkins rejected any argument that Keim's ADA claim against the KDOC should relate back because Keim "was mistaken as to the nature or cause of harm underlying the claims asserted in his original complaint" and did not realize this mistake until he received discovery responses from Brown and Day. (*Id.* (quoting *Jadco Enters., Inc. v. Fannon*, No. 6:12-cv-225-DCR, 2013 WL 6055170, at *4 (E.D. Ky. Nov. 15, 2013) ) (citation omitted)).

In summation, Judge Atkins found that Keim failed to raise his ADA claim against the KDOC within the applicable, one-year statute of limitations. Additionally, because Keim did not name Wellpath as a defendant in his Original Complaint, Judge Atkins determined that Keim's Amended Complaint *added*, rather than merely *changed*, a party. (*Id.* at 6). Because of this, Keim's ADA claim against the KDOC did not relate back under Rule 15(c)(1)(C). (*Id.*). Therefore, Judge Atkins recommends that the KDOC's Motion to Dismiss (Doc. # 94) be granted, and Keim's ADA claim against the KDOC be dismissed. (Doc. # 97 at 7)

## III. ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Civil Procedure 72(b)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge "must determine de

novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to adequately object to a magistrate judge's report and recommendation waives a party's right to appeal a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). Therefore, objections to a report and recommendation must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001). "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)); *see also Holl v. Potter,* No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

**B. Keim's Objections**

Keim has divided his Objections under five sections, each labeled an "argument." (*See generally* Doc. # 98). However, the content under each subheading tends to ramble

and stray from Keim's initial point. This makes the contours of Keim's specific objections difficult to ascertain. Nevertheless, affording Keim's Objections an appropriately lenient treatment, the Court can identify five principal objections, which it will address in turn.

#### ***1. The Original Complaint did not bring an ADA claim or name the KDOC as a defendant.***

Keim's first objection is twofold. First, he asserts that his Original Complaint unequivocally made a claim under the ADA. (Doc. # 98 at 1 ("ADA Claim is 100% in the Original Complaint[.]")). Second, he claims that the Original Complaint "point[s] to" SSCC and Green River Correctional Complex ("GRCC"). (*Id.*). Because these institutions "are the very same as KDOC," Keim suggests that his ADA claim against the KDOC relates back to his original complaint. (*Id.* at 1-2).

Federal Rule of Civil Procedure 15(c) identifies three circumstances in which an amendment relates back to the date of the original pleading. Under Rule 15(c), an amendment will relate back if:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). In his Objections, Keim fails to identify which of these three prongs could apply to his ADA claim against the KDOC.

The first prong does not apply, as KRS § 413.140(1)(a) does not provide for relation back. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 320 (6th Cir. 2010) ("[H]ad the Kentucky legislature wanted the claims of untimely plaintiffs to escape the time bar in [KRS § 413.140(1)(a)], it would have spoken."). Nor does the second prong allow for relation back in Keim's case. "[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)); *see also Zakora v. Chrisman*, 44 F.4th 452, 480 (6th Cir. 2022) ("This court has repeatedly held that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for limitations purposes.") (internal quotation omitted). Rule 15(c)(1)(B) concerns the addition of claims or defenses, not the addition of parties. Keim's Amended Complaint did not merely add a new ADA claim against an existing party. Rather, it brought a new claim against the KDOC—a party that was not named in the original complaint. As a result, Rule 15(c)(1)(B) does not permit relation back. *See Asher*, 596 F.3d at 318 ("Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*.") (emphasis in original). Finally, Rule 15(c)(1)(C) does not apply to Keim's ADA claim against the KDOC because Keim did not merely *change* the party against whom he brought his claim. Rather, he *added* the KDOC as a new party.

Keim seems to take issue with Judge Atkins's conclusion that the Amended Complaint added the KDOC as a new party. (*See* Doc. # 98 at 2). He objects that his Original Complaint "point[s] to" SSCC and GRCC,[1] which he maintains "are the very same 'enity' [sic], as KDOC." (*Id.*). But this objection misses the point. The relevant question is whether Keim's Original Complaint named the KDOC as a defendant. *Ham*, 575 F. App'x at 615 ("This court has held that claims against *additional* parties do not relate back."). Without question, it did not. (*See* Doc. # 1 at 1-2). And Keim has offered no support for his suggestion that simply alluding to a party suffices. Moreover, as Judge Atkins rightly observed in his R&R, by suing Brown and Day in their individual capacities alone, Keim "cannot be said to have sued Wellpath in his original complaint[.]" (Doc. # 97 at 6). Thus, the Amended Complaint *added* a new party in the KDOC, rather than merely *substituting* the KDOC for Wellpath. (*Id.*).

Separately, Keim argues that his "ADA claim is 100% in the original complaint." (Doc. # 98 at 1). He bases this argument on the fact that, as relief, he sought monetary damages and an injunction requiring Brown and Day to "Abide by the ADA Act!" (Doc. # 1 at 5; *Id.* at 8-9). But the original complaint did not raise a claim under the ADA. Rather, Keim identified the Eighth and Fourteenth Amendments as the bases for his § 1983 claims. (*Id.* at 14-16). Indeed, the Court's initial screening order identified and considered only these claims—allowing Keim's Eighth Amendment claims to remain pending. (Doc. # 14 at 4). Again, Keim cites no support for his proposition that, by making an oblique reference to the ADA, the Original Complaint asserted a claim thereunder. Keim himself did not object that the Court's screening order failed to address an ADA claim he had

[1] Keim was detained at GRCC prior to his transfer to SSCC on December 8, 2020. (Doc. # 41 at 5).

properly raised in his Original Complaint. Instead, he moved to file an amended complaint which, unlike the original complaint, clearly alleged an ADA claim.[2] (*See* Doc. # 19-2 at 4-5).

Because Keim's Original Complaint did not make a claim under the ADA or name the KDOC as a defendant, Keim's first objection is **overruled**.

***2. Judge Atkins properly applied the one-year statute of limitations set forth in KRS § 413.140(1)(a).***

Next, Keim posits that Judge Atkins erred by borrowing the statute of limitations set forth in KRS § 413.140(1)(a). (Doc. # 98 at 2-3). Instead, he suggests that Judge Atkins should have looked to KRS §§ 413.245 and 413.243, which concern actions arising out of the rendering of professional services to others. (*Id.*). The KDOC responds that because the ADA does not specify a limitations period, the Court must borrow "the most analogous state limitations period." (Doc. # 99 at 5 (quoting *McCormick*, 693 F.3d at 662-63)). And, the KDOC continues, KRS § 413.140(1)(a) provides the most analogous state limitations period. (*Id.*).

Kentucky federal courts have regularly applied KRS § 413.140(1)(a)'s one-year statute of limitations to claims under the ADA and similar statutes. *See, e.g.*, *Mosier v. Kentucky*, 675 F. Supp. 2d 693, 697-98 (E.D. Ky. 2009) (applying KRS § 413.140(1)(a) to Section 504 and ADA claims); *Alja-Iz v. Ramsey*, No. 3:14-cv-618-DJH, 2017 WL 6485803, at *7 (W.D. Ky. Sept. 13, 2017) ("The Court concludes that a one-year statute of limitations applies to [Plaintiff's] ADA and RA claims."); *Conley v. Bd. of Educ. Of Clark Cnty. Sch.*, No. 5:23-cv-204-REW-MAS, 2025 WL 2229998, at *2 (E.D. Ky. Aug. 5, 2025)

---

2 This motion to amend was denied without prejudice, however, because Keim failed to use the proper complaint form approved for use by this Court. (Doc. # 24 at 2-3).

(applying the one-year statute of limitations in KRS 413.140(1)(a) to a plaintiff's ADA claim); *Phillips v. Ballard*, No. 5:17-cv-301-REW, 2019 WL 2359571, at *8 (E.D. Ky. June 4, 2019) ("Claims under Section 1983, the ADA, and the Rehabilitation Act are governed by a one-year statute of limitations."). And the Sixth Circuit, similarly, has applied state personal-injury limitations periods to ADA claims. *See, e.g.*, *Lewis v. Fayette Cnty. Det. Ctr.*, 211 F.3d 1269 (Table), 2000 WL 556132, at *2 (6th Cir. 2000) (relying on KRS § 413.140(1)(a) to affirm dismissal of ADA claim on statute of limitations grounds); *McCormick*, 693 F.3d at 662-64 (applying Ohio's limitations period for personal injury actions to an ADA claim). Keim offers no explanation for his assertion that KRS § 413.245 is more analogous to his ADA claim than KRS § 413.140(1)(a).[3]

Accordingly, Keim's second objection is **overruled**.

***3. Judge Atkins properly applied the discovery rule to Keim's ADA claim.***

Keim's third objection suggests that Judge Atkins should have applied the discovery rule to his ADA claim and found that the limitations period did not begin to run until November 2, 2023. (Doc. # 98 at 15). On November 2, 2023, Keim alleges that an M.R.I. revealed that his "right knee was totaly [sic] destroyed." (*Id.*). Relatedly, Keim argues that his limitations did not begin to run until he learned that Brown used "medical policeys [sic] of KDOC not his or the American Medical Assosiation [sic] Nor Wellpaths, KDOC." (*Id.* at 16). The KDOC responds that the only claim at issue is Keim's ADA claim, which alleges that the KDOC (1) failed to transfer Keim to an ADA compliant prison;

[3] Even if the Court agreed with Keim's contention, it would make no difference because KRS § 413.245 also provides for a one-year statute of limitations. Seemingly, Keim wishes to apply this statute because it "statutorily extends the discovery rule[.]" (Doc. # 98 at 13). However, as will be discussed in relation to Keim's third objection, the discovery rule applies regardless of which statute—KRS §§ 413.140(1)(a) or 413.245—supplies the limitations period.

(2) discriminated against him due to his disability; and (3) denied him access to programs and activities that would be available at an ADA-compliant prison. (Doc. # 99 at 6). However, the KDOC reiterates that "Keim has steadfastly and unequivocally stated that these issues began on December 8, 2020, and continued until he was transferred out of SSCC on March 16, 2022." (*Id.* (citing Doc. # 1 at 4)).

The KDOC does not dispute that the discovery rule applies to Keim's ADA claim. (*See* Doc. # 99 at 6). Indeed, Judge Atkins applied the rule in his R&R. (Doc. # 97 at 3-4). Although the Court borrows the applicable statute of limitations from Kentucky law, the date on which Keim's ADA claim *accrued* is governed by federal standards. *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 388 (2007)). And the "general federal rule is that 'the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury.'" *Id.* (quoting *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)). As discussed above, Keim's ADA claim is the lone subject of the KDOC's Motion to Dismiss. Both the Original Complaint and Amended Complaint clearly allege that the conduct giving rise to this claim occurred between December 8, 2020 and March 16, 2022. (Doc. # 1 at 4; Doc. # 41 at 12). During this period, Keim was aware of the alleged conduct that underlies his ADA claim—the denial of necessary mobility aids, retaliation, and the KDOC's refusal to transfer him to an ADA-compliant prison. (*See* Doc. # 41 at 5-9). Indeed, Keim states that he raised his concerns with Brown as far back as April 20, 2021, when he threatened to sue Brown, Day, and SSCC if he wasn't transferred to a different prison or provided

with his cane and wheelchair.[4] (*Id.* at 6-7). Thus, Judge Atkins correctly determined that Keim's ADA claim accrued, at the latest, on March 16, 2022. (Doc. # 97 at 4).

Keim also appears to argue that the limitations period did not begin to run on March 16, 2022 because, at that time, he was not aware that the KDOC was to blame for his injuries. (Doc. # 98 at 16). In fact, Keim alleges that he did not suspect that the KDOC was in any way liable under the ADA until he reviewed Brown's responses to interrogatories in this action. (*Id.*). This is facially implausible. Keim's Amended Complaint alleges that he threatened to sue Brown, Day, and SSCC on April 20, 2021 for failing to transfer him to an ADA-compliant prison or provide him with mobility aids. (Doc. # 41 at 7). So, Keim suspected that SSCC was responsible for violations of the ADA long before reviewing discovery in this litigation. And, as Keim claims in his Objections, the SSCC is "the very same as [the] KDOC[.]" (Doc. # 98 at 1). Nevertheless, Keim did not bring an ADA claim in his Original Complaint. Nor did he name SSCC or the KDOC as a defendant. Again, the relevant question is when Keim was aware that the KDOC violated his rights under the ADA. A reasonably diligent individual in Keim's position could have easily understood that the KDOC was responsible for these alleged ADA violations at the time they occurred.

---

[4] The Court rejects Keim's argument that "there was no way [he] could have known of his injury" until he reviewed the results of the November 2, 2023 M.R.I. (Doc. # 98). As discussed above, the injury underlying Keim's ADA claim—violation of his rights under that statute—was readily apparent. Moreover, Keim was aware of his physical injuries at the time he filed his original complaint. (*See* Doc. # 1 at 5 ("X-Rays show that my knees are worst [sic] from being made to walk on them.")). That a subsequent M.R.I. provided further detail is of no consequence. *See Reguli v. Russ*, 109 F.4th 874, 883 (6th Cir. 2024) ("Courts universally recognize that the discovery rule begins once a plaintiff learns of *an* injury from the defendant's conduct—even if the plaintiff does not discover the '*full extent* of the injury' until later.") (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (6th Cir. 2007) (emphasis in original)).

Because Judge Atkins properly determined that the statute of limitations on Keim's ADA claim began to run no later than March 16, 2022, Keim's third objection is **overruled**.

#### *4. The five-year statute of limitations for claims under the Kentucky Civil Rights Act does not apply to Keim's ADA claim.*

Keim also argues that his ADA claim should be subject to the five-year statute of limitations applicable to claims under the Kentucky Civil Rights Act. (Doc. # 98 at 6). However, as discussed above, the one-year statute of limitations established by KRS § 413.140(1)(a) applies to Keim's ADA claim. *See, e.g., Conley*, 2025 WL 2229998, at *2 (applying the one-year statute of limitations in KRS 413.140(1)(a) to a plaintiff's ADA claim); *Phillips*, 2019 WL 2359571, at *8 ("Claims under Section 1983, the ADA, and the Rehabilitation Act are governed by a one-year statute of limitations."). And Keim points to no relevant authority to support his objection.[5]

[5] Keim also seems to suggest that he was transferred from GRCC to SSCC in retaliation for his filing lawsuits against officials at GRCC. (Doc. # 98 at 6-7). This, he claims was a "continuing violation" that should extend the statute of limitations from one year to five. (*Id.* at 7). First, Keim fails to identify a single case applying the continuing violation doctrine in the context of an ADA claim. (*See id.* at 6). And courts in the Sixth Circuit "have been 'extremely reluctant' to extend the continuing-violation doctrine beyond the context of Title VII [of the Civil Rights Act.]" *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 257 (6th Cir. 2014).

But even if the continuing violation doctrine *did* apply to ADA claims, Keim's claim would still be untimely. "A 'continuous violation' occurs, and will extend the limitations period, if the defendant engages in continuing wrongful conduct; injury to the plaintiff accrues continuously; and had the defendant at any time ceased its wrongful conduct, further injury would have been avoided." *Goldsmith v. Sharrett*, 614 F. App'x 824, 827 (6th Cir. 2015) (citing *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009)). Here, Keim does not identify any violations of the ADA that occurred after he left SSCC on March 16, 2022. Thus, he has not alleged that the KDOC engaged in "continuing wrongful conduct" at any point during the one-year limitations period. The continuing violation doctrine serves to extend the statute of limitations where a Defendant engaged in a series of continuing wrongful conduct that began outside of the limitations period, but continued into it. Here, the pattern of wrongful conduct Keim identifies concluded on March 16, 2022, which falls outside the statute of limitations for Keim's ADA claim.

***5. The Court properly rejected the amended complaint Keim tendered on December 18, 2023.***

Finally, Keim objects that the Court should have accepted the amended complaint he attempted to file on December 18, 2023. (Doc. # 98 at 11-12). This objection may be overruled because it does not identify an error in Judge Atkins's R&R. Even so, Keim's objection is wrong on the merits.

On December 18, 2023, Keim filed a Motion to Amend his original complaint, which included a proposed amended complaint. (Doc. # 19). However, this Motion was denied without prejudice because Keim failed to utilize the complaint form approved for use by this Court. (Doc. # 24 at 2-3). Keim ultimately filed the Amended Complaint on this form. (Doc. # 41). In his Objections, Keim seems to suggest that both of his amended complaints "are 100% on papper [sic] not a court approved form." (Doc. # 98 at 12). Once again, this is simply incorrect. Keim's first attempt at amendment was made entirely on notebook paper (Doc. # 19-2), whereas his Amended Complaint consists of the Court's approved form (Doc. # 41 at 1-4) with an appendix on lined paper (*id.* at 5-14). Thus, the Court properly denied Keim's December 18, 2023 Motion to Amend. Keim's final objection is **overruled**.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff has failed to raise any meritorious legal objections to Judge Atkins's R&R (Doc. # 97). Accordingly,

**IT IS ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. # 97) is **ADOPTED** as the opinion of this Court;

(2) Plaintiff's Objections (Doc. # 98) to the Report and Recommendation are **OVERRULED**;

(3) Defendant's Motion to Dismiss (Doc. # 94) is **GRANTED**;

(4) Plaintiff's Amended Complaint (Doc. # 41) is **DISMISSED**;

(5) This matter is **STRICKEN** from the Court's active docket; and

(6) A **Judgment** in favor of **Defendant** will be entered contemporaneously herewith.

This 3rd day of October, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**